IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARCIA RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENHANCED RECOVERY | ) |
| COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MARCIA RYAN, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. MARCIA RYAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Springfield, County of Sangamon, State of Illinois.

5. The debt that Plaintiff allegedly owed was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ENHANCED RECOVERY COMPANY, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of Florida.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

13. Upon information and belief, in or around July 2010 through October 2010, Defendant was cognizant of Plaintiff's telephone number.

14. Upon information and belief, in or around July 2010 through October 2010, Defendant was cognizant of Plaintiff's address.

15. Upon information and belief, despite being fully cognizant of Plaintiff's location, from in or around July 2010 through October 2010, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff's daughter-in-law's residence.

16. Defendant initiated the aforementioned telephone calls in an attempt to collect a debt allegedly owed by Plaintiff.

17. During the course of the aforementioned time period, and on multiple occasions therein, Defendant informed Plaintiff's daughter that Defendant required to speak with Plaintiff.

18. During the aforesaid time period, and on multiple occasions therein, Plaintiff's daughter-in-law informed Defendant that it had contacted the wrong telephone number.

19. During the course of the aforementioned telephone calls, and on multiple occasions therein, Plaintiff's daughter-in-law informed Defendant that Plaintiff did not reside with her.

20. During the course of the aforementioned telephone calls, and on multiple occasions therein, Defendant asked Plaintiff's daughter-in-law for Plaintiffs telephone number and location information.

21. During the course of the aforementioned telephone calls, and on multiple occasions therein, Plaintiff's daughter-in-law informed Defendant that she could not provide Defendant with contact information for Plaintiff.

22. Defendant did not reasonably believe that location information provided by Plaintiff's daughter-in-law was incomplete or erroneous or that Plaintiff's daughter-in-law had more complete information as to Plaintiff's location.


23. During the aforesaid time period, and on multiple occasions therein, Plaintiff's daughter-in-law informed Defendant that she wished that Defendant stop calling her residence in an attempt to contact Plaintiff.

24. Notwithstanding Plaintiff's daughter-in-law's statements to Defendant, in or around July 2010 through October 2010, and on multiple occasions therein, Defendant continued to initiate multiple telephone calls to Plaintiff's daughter-in-law's residence in a further attempt to contact Plaintiff.

25. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information in violation of 15 U.S.C. §1692b(3);

   a. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   b. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARCIA RYAN, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MARCIA RYAN**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: December 16, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithlaw.us